**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| NORBERTO BARRERA; SANDRA PATRICIA CARDONA PINEROS; DAVID BARRERA CARDONA, Petitioners, v. ERIC H. HOLDER, Jr., Attorney General, Respondent. | No. 07-72169 Agency Nos. A079-101-930 A079-101-931 A079-101-932 MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 29, 2010[**]

Before:    ALARCÓN, LEAVY, and GRABER, Circuit Judges.

Norberto Barrera and his family, natives and citizens of Colombia, petition

for review of the Board of Immigration Appeals' order dismissing their appeal

from an immigration judge's decision denying their application for asylum,

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence adverse credibility findings, *Li v. Ashcroft*, 378 F.3d 959, 962 (9th Cir. 2004), and we deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on the discrepancies between Barrera's testimony and his sworn statement during the airport interview as to why he came to the United States and whether he suffered or feared harm in Colombia. *See id.* at 962-63 (discrepancy between testimony and sworn airport interview constituted substantial evidence where petitioner gave entirely different reasons for arrival in United States). Substantial evidence also supports the agency's adverse credibility determination based on the omission from Barrera's asylum application that the guerrillas forced him to remain face down on the ground without moving for 48 hours. *See id.* at 963 (reasonable for IJ to consider that, if truthful, petitioner would have mentioned allegation of serious mistreatment in asylum application). Accordingly, in the absence of credible testimony, petitioners' asylum claim and Barrera's withholding of removal claim fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Because Barrera's CAT claim is based on the testimony the agency found not credible, and there is no evidence in the record that compels a finding that it is

more likely than not he would be tortured if returned to Colombia, his CAT claim

also fails. *See id*. at 1156-57.

**PETITION FOR REVIEW DENIED.**

07-72169